IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09cv320

PETER J. SACCO,                )
                               )
          Plaintiff,           )
                               )
     vs.                       )     **MEMORANDUM OF**
                               )     **DECISION AND ORDER**
MICHAEL J. ASTRUE,             )
Commissioner of Social Security, )
                               )
          Defendant.           )
                               )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act. [Doc. 13].

I.   **PROCEDURAL HISTORY**

The Plaintiff Peter J. Sacco initiated this action on August 14, 2009, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on October 19, 2009. [Doc. 4]. Thereafter, the Plaintiff filed a motion for summary judgment on the basis of

the administrative record. [Doc. 8]. The Government in response entered an unopposed motion to remand. [Doc. 10]. On April 2, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 11].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $6084.62. The Plaintiff further requests that the Court allow him 30 days after being served with notice of an award of past-due benefits to file for fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). [Docs. 13 and 14]. In response, the Government states that it does not object to the total amount of $5097.40 for attorney's fees to be made payable to the Plaintiff. [Doc. 15].

## II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff

is properly considered a "prevailing party" in this action. See <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees; only the amount thereof. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. The parties do not agree on the sum that the Plaintiff should be awarded. The Court notes the Plaintiff's concession of certain points made by Defendant on that question. [Doc. 16].

In support of his request, the Plaintiff submits documents showing the Consumer Price Index for March 1996 and March 2009, respectively, as well as affidavits of counsel and billing records detailing the hours claimed by counsel and paralegals in preparing this case. [Docs. 14-1 to 14-6].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996, the date that the statutory rate of $125 per hour was established, to 217.63 in March 2010, the date of the Court's Judgment remanding this

4

case, an increase of 39.78%. The Court finds that this increase in the cost of living justifies a corresponding increase in the hourly rate in this case. The Court further finds that this higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents and experience in this District. Accordingly, the Court concludes that the Plaintiff is entitled to an award of attorney's fees based upon an hourly rate of $174.72.

The Plaintiff also claims fees for 2.75 hours of paralegal services without noting an hourly rate therefor. It is Plaintiff's obligation to prove that the claimed hourly rate for this work is in keeping with "prevailing market rates" for paralegals in this District, but has provided no proof. *See* <u>Richlin Sec. Serv. Co. v. Chertoff</u>, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008). In this District, paralegal services have been compensated for a significant period at a rate of $65.00 per hour. Review sua sponte of the length of time this has been the customary rate indicates that an increase is in order. The Court concludes that a rate of $70.00 per hour is reasonable.

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court reduces by 5.4 hours Charles Martin's time spent

rewriting the brief of Ms. Faust which is unnecessarily duplicative of her time.  The Court disagrees with Defendant's speculation about the reason for Plaintiff's request for extension of time and does not reduce Mr. Bowling's time claimed in that regard; that single request reasonably sought to change an automatically-calculated deadline that unfortunately happened to fall on Christmas Eve (a Court holiday) [Doc. 6], rather than to accommodate inefficiency.  The Court finds that the number of hours claimed to have been worked, after the 10 hour reduction noted in Plaintiff's filings, is reasonable for the work performed and for a case of this nature.

We now turn to the question of which charges are payable at the hourly rate for attorneys. In this matter, only one attorney has appeared as counsel of record for Plaintiff, namely, Russell Bowling.  Mr. Bowling is admitted to and is in good standing with this Court.  Mr. Bowling has included in his motion a claim for services of two other attorneys, Charles L. Martin and Audrey Faust.  Neither Mr. Martin nor Ms. Faust have appeared as counsel of record in this case.  More importantly, they are not admitted in this District or licensed to practice law in this state, and have not sought or been allowed *pro hac vice* admission in this matter.  The

case having been filed in 2009, ample time for attending to these important matters has passed. It is the responsibility of counsel to know and follow the local rules.

Review of Mr. Martin's and Ms. Faust's affidavits [Doc. 14-2 & 3] reveals that their participation in this case was the same in form and substance as his participation was, up to the same procedural stage, in McDonald v. Astrue, 2:09cv027, another of attorney Bowling's cases before this Court. Therefore, the Court will treat Mr. Martin's and Ms. Faust's claimed hours as paralegal hours, based on the same rationale expressed in McDonald.[1]

Based upon a reasonable hourly rate of $174.72 per hour for 2.65 attorney hours expended and the reasonable hourly rate of $70.00 per hour for 28.5 paralegal hours expended, the Court concludes that a total fee award of $2458.01 is justified.

Finally, the parties request that the fee award be paid directly to Plaintiff's attorney. In support of this request, the Plaintiff submits an executed assignment purporting to assign any and all EAJA fees to which

---

[1] That rationale was also followed with the same result as to characterization of the hours claimed by Mr. Martin, in an order on the 406(b) fee claim in another of attorney Bowling's cases, Hayes v. Astrue. 2:08-cv-017

he is entitled to his attorneys. [Doc. 13]. The Court notes that the parties' request was made in June 2010, and reflects payment practices then common in the District.

As is also explained in the McDonald EAJA order referenced above, the Court cannot order payment to Mr. Bowling due to the ruling of the U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.—, 2010 WL 2346547 (June 14, 2010). The Court clarified that the "prevailing party" entitled to benefits under the EAJA is the claimant, not his attorney. Ratliff at *4-7. While the result that Plaintiff seeks here was granted in the McDonald case, the parties entered into an agreement in that case which satisfied the concerns raised by the Supreme Court. No such agreement is present here.

Based on the record before it, the Court must deny the request to award EAJA fees directly to Plaintiff's counsel, without prejudice to the parties' opportunity to make supplemental motion(s) that harmonize their request to honor Plaintiff's assignment with the ruling in Ratliff.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the

Social Security Act [Doc. 13] is hereby **GRANTED in part and DENIED in part**, and:

(1) The Plaintiff is hereby awarded $2458.01in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2) The Plaintiff is further awarded $350.00 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund.

(3) Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 45 days from the entry of this Order.

And Plaintiff's Motion is **DENIED IN PART** as follows:

(1) Payment of the sums approved must be made directly to Plaintiff and not to his counsel, without prejudice to the parties' right, within 20 days of the entry of this Order, to submit supplemental motions on the issue of honoring valid assignments after Ratliff for the Court's consideration.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an affidavit in response to any opposition to this motion by Defendant is **DISMISSED** as moot, since Defendant does not oppose his motion.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have thirty (30) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: December 22, 2010

Martin Reidinger
United States District Judge